```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**JOSHUA CROWE**                                              **CIVIL ACTION**

**VERSUS**                                                    **NO. 12-687**

**GEORGE HOFFMAN, ET AL.**                                    **SECTION: "B"(4)**

## ORDER AND REASONS

Before the Court is the Motion to Dismiss of Defendants George Hoffman, Nicholas Hoffman, the City of Kenner, and Steve Caraway, in his official capacity as Chief of Police of the Kenner Police Department ("Defendants"). (Rec. Doc. No. 10). Plaintiff Joshua Crowe ("Plaintiff") has opposed this Motion. (Rec. Doc. No. 11). Accordingly, and for the reasons articulated below, the Defendants' Motion to Dismiss is converted to a Motion for Summary Judgment and,

**IT IS ORDERED** that summary judgment is **GRANTED** in favor of the Defendants. The Court must typically consider only contents of the pleadings and their attachments in considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or 12(c). *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). However, to resolve the instant motion, the Court has gone outside the pleadings and considered surveillance video of the incident in question.[1] When matters outside the pleadings are considered by the court, the motion must be treated as one for summary judgment

---

[1] Two compact discs containing video surveillance of the altercation which took place between Plaintiff and Defendants on March 16, 2011, are attached to this Order and Reasons.

under Federal Rule of Civil Procedure 56. Fed. R. Civ. P. 12(d). This Court has complete discretion to determine whether or not to accept materials outside the pleading and convert the Rule 12 motion into a Motion for Summary Judgment. *Ware v. Associated Milk Producers*, Inc., 614 F.2d 413, 414 (5 th Cir. 1980), citing 5C Wright & Miller, Fed. Prac. & Proc. Civ. § 1366 (3d ed.).

**CAUSE OF ACTION AND FACTS OF THE CASE**

On March 16, 2011 after 2:00 a.m., Plaintiff entered the Tavern on Vets establishment in Kenner, Louisiana and attempted to order food. (Rec. Doc. No. 1, p.3). The bartender responded that the kitchen was closed and refused service. (*Id.*). After Plaintiff again demanded service, George Hoffman, an off-duty police officer with the Kenner Police Department, approached Plaintiff and ordered that he leave the bar. (*Id.*). On surveillance video of the incident, George Hoffman can be seen placing a hand on Plaintiff's shoulder and speaking to him.[2] (*See* Disc 1, attached to this Order). Immediately thereafter, Plaintiff turns around and violently shoves George Hoffman with enough force that he is knocked into a table.[3] (*Id.*). At that point, a physical altercation ensued, joined by others, including George Hoffman's

---

[2] The incident can be seen on Disc 1, cam5 at six minutes and twenty seconds into the video.

[3] This can be viewed both Disc 1, on cam5 at six minutes and twenty seconds, as well as Disc 1, on cam6 at nine minutes and fifteen seconds into the video.

son, Nicholas, another off-duty Kenner policeman.[4] (*Id.*). Following this incident, Plaintiff was charged with simple battery, disturbing the peace, and disorderly conduct. (Rec. Doc. No. 10-2, Ex. A to Def.'s Mot. Dismiss). Plaintiff was subsequently convicted of battery, which conviction "has not been reversed, expunged, declared invalid or otherwise set aside." (*Id.* at p.4).

On March 14, 2012, Plaintiff filed his Complaint against Defendants alleging excessive force 42 U.S.C. § 1983 against Defendants resulting from a physical altercation between Plaintiff and off-duty Kenner police officers, George Hoffman and Nicholas Hoffman, at the Tavern on Vets, a bar and grill in Kenner, Louisiana. (Rec. Doc. No. 1). Plaintiff amended his complaint on May 18, 2012 to include Police Chief Steven Caraway as a party defendant. (Rec. Doc. No. 6). Defendants answered the original and amended complaints on May 21, 2012 and June 13, 2012. (Rec. Doc. Nos. 7, 9). On June 13, Defendants also filed the instant Motion to Dismiss pursuant to Fed. R. Civ. P. 12(c). (Rec. Doc. No. 10). Plaintiff opposed this Motion on July 2, 2012. (Rec. Doc. No. 11).

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material

---

[4] The incident can be seen on Disc 1, cam5 at six minutes and twenty-nine seconds into the video.

fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998). Because "only those disputes over facts that might affect the outcome of the lawsuit under governing substantive law will preclude summary judgment," questions that are unnecessary to the resolution of a particular issue "will not be counted." *Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987).

As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy its burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant makes this showing, the burden shifts to the nonmovant to set forth specific facts showing that there is a genuine issue for trial. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003) The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or

other evidence to establish a genuine issue. *Id*. Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

## **LAW AND ANALYSIS**

In *Heck v. Humphrey*, the Supreme Court held that a § 1983 plaintiff seeking to recover money damages for an injury caused by actions whose unlawfulness would render a conviction invalid must prove that the conviction has either been reversed on appeal or called into question by the issuance of a writ of habeas corpus. 512 U.S. at 486-87. The *Heck* Court emphasized that its holding grew out of a concern that a prisoner should not be permitted to collaterally attack a conviction by means of a civil suit brought under § 1983. *Id.* at 485. At the core of *Heck* is a proscription against allowing a civil tort suit to cast doubt on a criminal conviction. *Id.* at 487. However, where no conflict exists between the conviction and the claims involved in the civil complaint, the § 1983 suit must be allowed to proceed. *Id*.

In order to determine whether Plaintiff's claim of excessive force is barred by *Heck*, the Court must determine whether Plaintiff's action, if successful, will "demonstrate the invalidity of any outstanding criminal judgment" against him. *Heck*, 512 U.S. at 487. Without such a finding, Plaintiff's action should be allowed to proceed in the absence of some other bar to the suit.

5

*Id.* A criminal conviction is not a *per se* bar against a subsequent § 1983 excessive force claim. *See Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) ("By proving an excessive force claim, a plaintiff will not invariably invalidate his conviction."). Rather, only "certain convictions" will bar an excessive force claim. *Id.* The Fifth Circuit cases of *Hainze v. Richards*, 207 F.3d 795 (5th Cir. 2000), *Sappington v. Bartee*, 195 F.3d 234 (5th Cir. 2008), and *Hudson v. Hughes*, *supra*, illustrate when "certain convictions: will trigger *Heck*.

In the *Hainze* case, police shot Hainze as he ignored orders to drop a knife and kept coming toward them. *Hainze*, 207 F.3d at 797. Hainze's subsequent § 1983 excessive force claim was found barred by his conviction for aggravated assault against the police. *Id.* at 798-99. The use of deadly force was found legally permissible because the necessary elements for conviction of an aggravated assault were present. *Id*.

As in *Hainze*, the court in *Sappington* looked to the elements required for proving the aggravated assault conviction. *Sappington*, 195 F.3d at 236-37. Because causing "serious bodily injury" is a necessary element of that conviction, the Court explained that the officer's use of force could not be excessive as a matter of law. *Sappington*, 195 F.3d at 236-37.

The Fifth Circuit in *Hudson* stated that under Louisiana law self-defense is a justification defense to battery of an officer.

*Hudson*, 98 F.3d at 873. Hudson was tried and convicted of battery of a police officer. *Id*. at 870. In barring a subsequent § 1983 civil suit against the officer, the Circuit panel found *Heck* applicable because Hudson's versions of events was rejected in the battery trial, leading the Circuit to conclude that the officer's use of force could not have been excessive. *Id*. at 873.

Focusing then upon the specific elements that comprised Crowe's criminal conviction and the specific facts alleged in the § 1983 action, it is clear that: (1) Crowe was convicted of disturbing the peace, disorderly conduct, and simple battery, (Rec. Docs. No. 11 at p. 3 & 10-2); (2) Under the applicable Louisiana law, disturbing the peace by disorderly conduct is the doing of certain enumerated acts in a manner as would forseeably disturb or alarm the public, including engaging in a hostile encounter, addressing offensive, derisive, or annoying words or names with the intent to deride or offend or prevent another from their lawful business, occupation, or duty, Kenner Municipal Code § 7-127(1)(2); (3) Louisiana law states simple battery is a battery committed without the consent of the victim. La. Rev. Stat. Ann. § 14:35 (2013); Kenner Municipal Code § 7-71. Battery is defined as the intentional use of force or violence upon the victim. *State v. Hernandez*, 96-0115, 686 So. 2d 92, 95 (La. App. 4 Cir. 12/18/96).

In this case, Plaintiff was convicted of simple battery, a battery committed without the consent of the victim. City of Kenner

7

Ord. No. 7291, § 2, 9-21-95. To prevail on his § 1983 claim, Plaintiff must prove, *inter alia*, that the Hoffmans' use of force was excessive or objectively unreasonable in the circumstances. See *Graham v. Connor*, 490 U.S. 386, 395-97, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). In *Ballard v. Burton*, 444 F.3d 391, 398 (5th Cir. 2006), the Fifth Circuit posed the following question in determining whether *Heck* would preclude the plaintiff's claims:

> Would a finding that Burton's use of force was objectively unreasonable necessarily call into question the validity of Ballard's conviction for simple assault upon Boling? If it is possible for Ballard to have assaulted Boling and for Burton's shooting of Ballard to have been objectively unreasonable, then *Heck* does not bar Ballard's claim. On the other hand, if the only way that Burton's shooting of Ballard could be objectively reasonable is for Ballard to have assaulted Boling, then *Heck* bars Ballard's excessive force claim.
> *Ballard v. Burton*, 444 F.3d at 398.

Here, it is undisputed from the record that Plaintiff was the initial aggressor, having pushed George Hoffman, and then convicted for battery. (Rec. Doc. No. 10-1, pp. 3-4; Rec. Doc. No. 11, p.3). A finding that the Hoffman's use of force was excessive or objectively unreasonable would call into question previously settled issues of fact and law. Therefore, Crowe's action is barred by the analysis in *Heck v. Humphrey*.

New Orleans, Louisiana, this 23rd day of January, 2013.

_____
UNITED STATES DISTRICT JUDGE

8